UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

MAX LLAQUE,

                    Plaintiff,

    -against-

CSC HOLDINGS, INC.,

                    Defendant.

----------------------------------------------------------x

**ORIGINAL**

07 Civ. ( )

**07 CIV. 6943**

COMPLAINT

    Plaintiff MAX LLAQUE, by his attorneys Lovett & Gould, LLP, for his complaint respectfully states:

## NATURE OF THE ACTION

1. This is an independent action, brought pursuant to FRCP 60(b)(6), to relieve Plaintiff of a default judgment entered in this Court on September 25, 2000, at the direction of the Hon. Charles L. Brieant.

## JURISDICTION

2. The Court's supplementary jurisdiction is invoked pursuant to FRCP 60(b)(6) and <u>United States v. Beggerly</u>, 524 U.S. 38 (1998).

## THE PARTIES

3. Plaintiff is a citizen of the United States, a domiciliary of the State of New York, and a resident of the Northern Counties. Defendant CSC HOLDINGS, INC. is,

1

upon information and belief, a domestic corporation having offices for the conduct of business at 1111 Stewart Avenue, Bethpage, New York.

### THE FACTS

4. On May 23, 2007, while out of state Plaintiff attempted to use a debit card with respect to an account he has with USAlliance Federal Credit Union (hereinafter "USAlliance"). The card was "declined" for reasons then presently unknown to Plaintiff.

5. The following day Plaintiff was orally advised by USAalliance that on or about May 23, 2007, it had received an information subpoena and restraining notice concerning a judgment in the United States District Court for the Southern District of New York "recovered by CSC HOLDINGS, INC against MAX LLAQUE on 7/22/2000 and entered in said court for the sum of $687,003.00 together with interest thereon from 7/22/2000".

6. Since Plaintiff had no previous awareness of and/or notice that any litigation by CSC HOLDINGS, INC had ever been commenced with respect to him and that any such judgment had been entered, he immediately requested that USAlliance provide him with copies of the subpoena and restraining notice. The requested copies were received by Plaintiff on May 25, 2007.

7. Five days thereafter Plaintiff retained counsel who contacted the attorney of record for the CSC HOLDINGS, INC and requested a copy of both the default judgment and the affidavit(s) of service regarding the summons and complaint in the underlying action, CSC Holdings Inc. v. Max Llaque, 00 Civ. 3843 (CLB).

8. In early June of 2007 the judgment creditor's counsel provided to Plaintiff's counsel a copy of the default judgment - - but not the affidavit(s) of service as requested.

A second request for the affidavits of service was immediately made, and ignored by the judgment creditor's counsel.

9. At no time was Plaintiff served with either the summons or complaint in the underlying action, a circumstance that prevented him from appearing and defending.

10. At no time was Plaintiff ever apprised, prior to May 24, 2007, that any such litigation had ever been instituted with respect to him, a circumstance that prevented him from earlier moving to be relieved of the default judgment pursuant to FRCP 60.

11. With respect to the underlying action Plaintiff has two good and meritorious defenses: lack of personal jurisdiction and time-bar.

12. Plaintiff is free of fault and negligence, neither having done and/or refrained from doing anything whatsoever as a result of which the subject judgment was entered without his knowledge.

13. Plaintiff has no available and/or adequate remedy at law.

WHEREFORE an order should be entered vacating the default judgment, awarding costs, and granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
July 30, 2007

LOVETT & GOULD, LLP
By:_____
Jonathan Lovett (4854)
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401

3