UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

CSC HOLDINGS, INC.

                Plaintiff,        00 Civ. 3843 (CLB)

-against-                  <u>DEFAULT JUDGMENT</u>

MAX LLAQUE,

                Defendant.
-----------------------------------------------------------X

00, 0279 WP

This action having been commenced on May 22, 2000 by the filing of the Summons and Complaint, and copies of the Summons and Complaint having been served on defendant Max Llaque on June 20, 2000 pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure, and it further appearing that defendant has not appeared, answered or otherwise moved with respect to the Complaint, and the time for answering the Complaint having expired, *and this Court having held an inquest and evidentiary hearing on September 21, 2000 and made its oral findings and conclusions*, NOW, on motion of the plaintiff, CSC Holdings, Inc. by its attorneys, DANIEL J. LEFKOWITZ, ESQ., P.C., it is hereby:

**ORDERED, ADJUDGED and DECREED** that the plaintiff, CSC Holdings, Inc. shall recover from defendant Llaque the damages sustained by it on account of the claims *in the amount of $685,000.00* for relief demanded in the Complaint, ~~together with interests and costs of this action~~, together *and expenses in the amount of $2,003.* with reasonable attorneys' fees; ~~and it is further,~~ *making a total judgment of $687,003.00 and it is further*

**ORDERED, ADJUDGED and DECREED** that plaintiff is entitled to ~~a~~ *and is hereby granted a* permanent injunction against defendant Llaque's (1) unauthorized sale and distribution of "pirate" cable television decoding and descrambling devices and equipment, and (2) unauthorized interception of plaintiff's telecommunication signals as proscribed under 47 U.S.C.

THIS DOCUMENT WAS ENTERED
ON THE DOCKET 9/25/00

§§605(a) and 553(a)(1), which injunction is authorized under 47 U.S.C. §§605 (e)(3)(B)(i) and 553 (c)(2)(A) and demanded in plaintiff's Complaint; and it is further,

**ORDERED, ADJUDGED and DECREED** that defendant Llaque, any of his servants, employees, agents, assigns, and any person(s) or entity(ies) in active concert and participation with any of them are hereby enjoined and restrained from aiding and abetting or engaging in the interception, divulgence, reception or display of the cable television programming, service or signal of the plaintiff, whether transmitted by air or by wire, without the express authorization of the plaintiff, and are hereby further enjoined and restrained from connecting, attaching, splicing into, tampering with or in any way using the cable wiring of the plaintiff for the purpose of obtaining any of the programming services of the plaintiff without plaintiff's express authorization, and are hereby permanently enjoined and restrained from manufacturing, purchasing, obtaining, utilizing or installing any device or equipment capable of descrambling, intercepting, receiving, decoding or in any way making available the programming and services of the plaintiff without plaintiff's authorization; and it is further,

~~ORDERED, that this matter be referred to Magistrate Judge _____ to report and recommend the amount of damages to be awarded to the plaintiff plus reasonable attorneys' fees, if any, pursuant to 47 U.S.C. §§605 (e)(3)(B) and 553 (c)(2), as demanded in plaintiff's Complaint.~~

Dated:     White Plains, New York
           September 21, 2000

                                          SO    ORDERED:

                                          _Charles Brieant_
                                          U.S.D.J.

JUDGMENT ENTERED!
James M. Parkison, Clerk
BY: Melvin Price
    Deputy Clerk

Exhibit A    Exhibit B    Exhibit C