LEXSEE 2006 US DIST LEXIS 9037


Caution
As of: Aug 29, 2007

OKEMO MOUNTAIN, INC., Plaintiff, v. PATRICK J. SIKORSKI and
OVERSEAS SERVICES, INC. d/b/a EXPEDITIONS, Defendants, PATRICK J.
SIKORSKI, Third-Party Plaintiff, v. TIMOTHY T. MUELLER, Third-Party Defendant.

File No. 1:93-CV-22

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF VERMONT

2006 U.S. Dist. LEXIS 9037

February 14, 2006, Decided

**SUBSEQUENT HISTORY:** Motion granted by, Request denied by Okemo Mt., Inc. v. Sikorski, 2006 U.S. Dist. LEXIS 20847 (D. Vt., Mar. 29, 2006)

**PRIOR HISTORY:** Okemo Mt., Inc. v. United States Sporting Clays Ass'n, 376 F.3d 102, 2004 U.S. App. LEXIS 14674 (2d Cir. Vt., 2004)

**COUNSEL:** [*1] For Okemo Mountain, Inc., Plaintiff: Michael Frederick Hanley, Plante & Hanley, P.C., White River Junction, VT.

For Patrick J. Sikorski, Defendant: R. Bradford Fawley, Downs Rachlin & Martin, Brattleboro, VT.

For ENE Evaluator, ENE Evaluator: Stephen Lee Saltonstall, Barr, Steinberg, Moss, Lawrence, Silver & Saltonstall, P.C., Bennington, VT.

For ENE Evaluator, ENE Evaluator: Arthur J O'Dea, Vermont Dispute Resolution Service, Arlington, VT.

For Patrick J. Sikorski, ThirdParty Plaintiff: R. Bradford Fawley, Downs Rachlin & Martin, Brattleboro, VT.

For Timothy T Mueller, ThirdParty Defendant: Michael Frederick Hanley, Plante & Hanley, P.C., White River Junction, VT.

For Patrick J. Sikorski, Counter Claimant: R. Bradford Fawley, Downs Rachlin & Martin, Brattleboro, VT.

**JUDGES:** J. Garvan Murtha, United States District Judge.

**OPINION BY:** J. Garvan Murtha

**OPINION**

*RULING ON PENDING MOTIONS*

(Papers 110, 160, 164, 172)

Defendant Patrick Sikorski moves to amend his counter- and third-party claims (Paper 160), and also requests a grant of summary judgment on the action to renew judgment brought by plaintiff, Okemo Mountain, Inc. ("Okemo"), pursuant to Fed. R. Civ. P. 56 [*2] (Paper 172). Okemo and third-party defendant Timothy J. Mueller, in turn, request a grant of summary judgment on Sikorski's counter-claims and third-party claims. (Paper 164.) For the reasons stated below, Sikorski's motion to amend his defamation claim is DENIED and the claim is DISMISSED. Sikorski's motion for summary judgment is also DENIED. Okemo and Mueller's motion for summary judgment is GRANTED as to Count I regarding malicious prosecution only, DISMISSED as moot as to Count III regarding defamation, and DENIED as to the remaining claims. Additionally, the Court defers judgment on Sikorski's earlier motion to vacate the judgment (Paper 110) until completion of a trial pursuant to the Second Circuit's remand in *Okemo Mountain, Inc. v. U.S. Sporting Clays Ass'n*, 376 F.3d 102 (2d Cir. 2004).

*Background*

Familiarity with the facts of the case, outlined in *Okemo*, 376 F.3d 102, is presumed. In a recent chapter of this litigation, on May 7, 2003, Okemo timely filed an action to renew the 1995 judgment against Sikorski, pursuant to 12 V.S.A. § 506.[1] (Paper 104.) Sikorski, in turn, sought to vacate the judgment under [*3] Fed. R. Civ. P. 60(b)(5),[2] arguing that a release signed by Okemo in settlement of related litigation before the trial in 1995 -- the text of which apparently was not known to Sikorski until May 2003 -- absolved him of all liability.[3] (Paper 110.) On cross motions for summary judgment, this Court granted summary judgment to Okemo, finding that Sikorski remained liable for actions committed in his individual capacity regardless of the release, and consequently renewed the 1995 judgment. (Ruling, Paper 121.)

[1] Contrary to Sikorski's arguments (Paper 174 at 4), Okemo's action to renew was timely filed and therefore, the 1995 judgment against Sikorski has not expired. "Actions on judgments and actions for the renewal or revival of judgments shall be brought within eight years after the rendition of the judgment, and not after." 12 V.S.A. § 506. As a general rule, such statutory provisions are construed to contemplate completion of the first step -- here, bringing the action. *See* Am. Jur. 2d Judgments § 475 (comparing this general rule with the minority rule, under which it is the date that the court acts that determines jurisdiction, such as Colorado's law that "[a] revived judgment must be entered within twenty years after the entry of the judgment which it revives"); *see also Koerber v. Middlesex College*, 136 Vt. 4, 9, 383 A.2d 1054 (1978) ("the judgment creditor can start the limitation period anew by bringing an action upon the judgment and obtaining a new judgment"). This Court entered the judgment against Sikorski on May 10, 1995, and Okemo brought its action on May 7, 2003; therefore, pursuant to Section 506, the statute of limitations should be tolled from that date. The Circuit's decision to vacate this Court's renewal of the judgment does not affect this result.

[*4]

[2] Fed. R. Civ. P. 60(b)(5) provides that a district court may vacate a judgment on the grounds that the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application."

[3] The release, signed by Okemo and Sikorski's codefendant United States Sporting Clays Association ("USSCA") on the eve of the 1995 trial, released any and all of USSCA's agents and employees from any and all liability. Okemo then proceeded to trial against Sikorski on the claims against him in his individual capacity. *See Okemo*, 376 F.3d at 104; Judge Billings' 1995 Opinion and Order (Paper 96).

The Second Circuit vacated the Ruling, finding that a genuine issue of material fact exists as to whether an ambiguous release could reasonably be construed narrowly to release an agent only in his representative capacity, or also in his individual capacity. *Okemo*, 376 F.3d at 104-05. The Circuit remanded [*5] the case because "a trial is warranted to determine what was contemplated by the parties at the time the release was executed." *Id.* at 105. As a result of the remand, Sikorski's motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b) is again before this Court. Because the Second Circuit held that there exists a genuine issue of material fact regarding the parties' intent for the release as to Sikorski, this Court cannot rule on Sikorski's Rule 60(b) motion to vacate the judgment until a trial determines that matter.

*I. Sikorski's Motion to Amend*

Since the Circuit decision, Sikorski filed an answer to Okemo's action to renew judgment, claiming the affirmative defenses of release and fraud. (Paper 128.) He also brings counter-claims against Okemo and third-party claims against Mueller alleging malicious prosecution and abuse of process, fraudulent misrepresentation, defamation, intentional infliction of emotional distress, and negligence. (Paper 128.) Sikorski now moves, pursuant to Fed. R. Civ. P. 15(a), to amend his counter- and third-party claims to specify the defamation [*6] allegations in Count III. (Paper 160.) Okemo and Mueller object, on the grounds that amendment of the pleadings is futile and barred by the doctrine of *res judicata* unless this Court grants Sikorski's motion to vacate the 1995 judgment. (Paper 167 at 6, 7, 9.)

Under the doctrine of *res judicata*, a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. *Legnani v. Alitalia Linee Aeree Italiane, S.p.A.*, 400 F.3d 139, 141 (2d Cir. 2005). Sikorski, however, brings an independent action in equity, pursuant to Rule 60(b), alleging fraud, the facts of which he was unaware of until after the prior proceedings. (Paper 174 at 5-6.) Rule 60(b)'s savings clause states that "this rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment. . . ." Fed. R. Civ. P. 60(b)(6); *see also Morrel v. Nationwide*

*Mut. Fire Ins. Co.*, 188 F.3d 218, 223 (4th Cir. 1999) (noting that independent actions under Rule 60(b) may be brought offensively or defensively). The elements of a Rule 60(b) independent [*7] action are (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law. *Nat'l Sur. Co. of New York v. State Bank of Humboldt*, 120 F. 593, 599 (8th Cir. 1903); *accord Campaniello Imports, Ltd. v. Saporiti Italia S.p.A.*, 117 F.3d 655, 662 (2d Cir. 1997). Independent actions under Rule 60(b) are available "only to prevent a grave miscarriage of justice," *United States v. Beggerly*, 524 U.S. 38, 40, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998), in "extraordinary circumstances," *Ackermann v. United States*, 340 U.S. 193, 199, 71 S. Ct. 209, 95 L. Ed. 207 (1950). In this case, Sikorski argues that Okemo and Mueller fraudulently misrepresented material facts about the existence and terms of the release, which would have provided Sikorski with a good defense to the 1995 proceeding. (Paper 128 PP 27-30.)

Sikorski additionally brings compulsory counter- and [*8] third-party claims, pursuant to Fed. R. Civ. P. 13(a). *See Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991) (a counterclaim is compulsory if it bears a "logical relationship" to the claim and the essential facts of the claims are "so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit"). Because Sikorski is bringing a Rule 60(b) independent action in equity claiming fraud, together with compulsory counterclaims, Sikorksi's claims are not barred by *res judicata*. The Court therefore proceeds to address Sikorski's motion to amend.

Leave to amend "shall be freely granted when justice so requires," according to Rule 15(a), but the district court has the discretion to deny leave if there is a good reason for it, such as futility, bad faith, undue delay, or undue prejudice to the opposing party. *Jin v. Metro. Life Ins. Co.*, 310 F.3d 84, 101 (2d Cir. 2002) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). The Second Circuit has held that a court is justified in denying a motion to amend if the amended pleadings could not [*9] withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. *Dougherty v. Town of North Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002).

In this case, Sikorski seeks leave to specify his claim that Okemo and Mueller defamed him by stating that Sikorski had defrauded them in the course of obtaining and enforcing the 1995 judgment. Sikorski argues that such statements were defamatory because Okemo and Mueller knew or should have known that they had released Sikorski in his individual capacity from all claims. (Paper 160, Ex. 3 PP 31-36.)

Defamatory statements published by parties in the course of judicial proceedings, however, are absolutely privileged, so long as they bear some relation to the proceedings. *Letourneau v. Hickey*, 174 Vt. 481, 807 A.2d 437, 441 (Vt. 2002). To sustain an action for slander based on statements arising out of a judicial proceeding, a plaintiff "must show that the words spoken were not pertinent to the matter then in progress, and that they were spoken maliciously and with a view to defame." *Id.* (quoting *Mower v. Watson*, 11 Vt. 536, 539-40 (Vt. 1839); [*10] *see also Wilkinson v. Balsam*, 885 F. Supp. 651, 659 (D. Vt. 1995) (holding that Vermont would likely adopt the Restatement principle that a witness is absolutely privileged to publish defamatory matter in communications preliminary to proposed judicial proceedings). Courts take a liberal approach to determining whether a statement is "pertinent" to the proceedings. *Letourneau*, 807 A.2d at 442 (the standard requires that a statement have only "some reasonable relation or reference to the subject of inquiry, or be one that may possibly be pertinent, with all doubts resolved in favor of the defendant") (quoting Prosser and Keeton on the Law of Torts § 114, at 817-18 (5th ed. 1984)).

During the 1995 proceedings, Okemo and Mueller alleged and the Court found that Sikorski, acting individually, was guilty of fraudulent inducement, double billing, and violation of a covenant not to compete, resulting in the 1995 judgment against Sikorski. Any defamatory statements Okemo and Mueller may have made about Sikorski during the course of those proceedings to obtain and enforce the 1995 judgment -- even statements made maliciously or with knowledge of falsity -- [*11] were protected by the privilege so long as they were related to the litigation. Even if Okemo and Mueller knew prior to trial, as Sikorski urges, that they had released Sikorski in his individual capacity, Okemo and Mueller's statements about Sikorski's actions during the events that began this litigation were pertinent to the case. Because Sikorski's defamation claim, as it stands or as amended, would not survive a motion to dismiss, Sikorski's motion to amend the claim is DENIED.

II. *Okemo and Mueller's Motion for Summary Judgment*

Pursuant to Fed. R. Civ. P. 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is

entitled to a judgment as a matter of law." *World Trade Ctr. Props., L.L.C. v. Hartford Fire Ins.*, 345 F.3d 154, 165 (2d Cir. 2003). The burden is on the moving party to demonstrate there are no material facts genuinely in dispute. *See Feingold v. New York*, 366 F.3d 138, 148 (2d Cir. 2004) (citing [*12] *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)). When ruling on a motion for summary judgment, the court must view the facts and all inferences to be drawn therefrom in the light most favorable to the party opposing the motion. *Johnson v. Wright*, 412 F.3d 398, 403 (2d Cir. 2005).

Okemo and Mueller seek a grant of summary judgment on Sikorski's counter- and third-party claims on the grounds that the claims are barred by *res judicata*. (Paper 167.) As discussed above at pages 4-6, Sikorski's claims are not barred by *res judicata*. The Court proceeds to address each of the five claims in turn.

A. *Malicious Prosecution and Abuse of Process*

Malicious prosecution and abuse of process are distinct torts. *Levinsky v. Diamond*, 140 Vt. 595, 442 A.2d 1277, 1280 (Vt. 1982) (overruled on other grounds). "To state a common law claim for malicious prosecution, a plaintiff must demonstrate that a legal proceeding was instituted with malice and without probable cause, that it terminated in favor of the plaintiff, and that it resulted in damages to the plaintiff." *Siliski v. Allstate Ins. Co.*, 174 Vt. 200, 811 A.2d 148, 151 (Vt. 2002) (explaining [*13] that termination of the prior proceeding in the malicious prosecution claimant's favor is an essential element). Termination of the prior proceeding was in favor of Okemo, not Sikorski. (Paper 96.) Because Sikorski cannot prove this essential element, Okemo and Mueller's motion for summary judgment as to Sikorski's claim of malicious prosecution is GRANTED.

A plaintiff alleging the tort of abuse of process is required to plead and prove (1) an improper, illegal, or unwarranted use of court processes, (2) with an ulterior motive or for an ulterior purpose, (3) which produced damage to the plaintiff. *Jacobsen v. Garzo*, 149 Vt. 205, 542 A.2d 265, 267 (Vt. 1988). "In other words, 'the *proper* use of . . . legal process (even though used for a bad intention and to satisfy malicious intentions) is not actionable.'" *Id.* (emphasis in the original).

Sikorski has pled that Okemo, at the direction of its president, Mueller, improperly proceeded to trial against Sikorski individually because they knew the release absolved Sikorski in his individual capacity, and that they did so "willfully and with malice," to "harass[] and annoy[]" Sikorski, "without a credible basis of law". [*14] These allegations can reasonably support an inference that Okemo and Mueller acted with wrongful intent. A material fact is in dispute, however, regarding whether Okemo released Sikorski in his individual capacity but did not inform him of this fact, and therefore, whether Okemo's purpose in proceeding to trial against Sikorski was improper. The motion for summary judgment as to Sikorski's claim of abuse of process therefore is DENIED.

B. *Fraudulent Misrepresentation*

Similarly, the material fact in dispute regarding whether Okemo and Mueller intended to release Sikorski in his individual capacity and misrepresented that material fact upon going to trial against Sikorski, precludes summary judgment at this time. Therefore, Okemo and Mueller's motion for summary judgment as to Sikorski's claim for fraudulent misrepresentation is DENIED.

C. *Defamation*

Because the Court dismissed Sikorski's defamation claim in Section I above, Okemo and Mueller's motion for summary judgment as to Sikorski's defamation claim is DISMISSED as moot.

D. *Intentional Infliction of Emotional Distress*

Sikorski has pled that Okemo and Mueller's nondisclosure of the release and their decision to [*15] proceed to trial against him, causing him emotional distress and financial damages, constituted intentional infliction of emotional distress ("IIED"). The material fact in dispute regarding Okemo and Mueller's intention for the release as to Sikorski, however, precludes summary judgment on this claim. Therefore, Okemo and Mueller's motion for summary judgment as to Sikorski's IIED claim is DENIED.

E. *Negligence*

To establish negligence under Vermont law, a plaintiff must prove by a preponderance of the evidence that defendant owed plaintiff a duty of care, defendant breached this duty, plaintiff suffered injuries, and defendant's breach of duty proximately caused plaintiff's injuries. *Hamblin v. United States*, 327 F. Supp. 2d 315, 322 (D. Vt. 2004). Sikorski suggests that Okemo and Mueller had a duty to inform Sikorski of the terms of the release prior to the 1995 trial, and that Okemo and Mueller caused him harm by failing to do so. (Paper 128 PP 15, 38.)

Whether there existed a duty on which to predicate liability is ultimately a question of fairness; the inquiry involves a weighing of relationship of parties, nature of risk, and public interest in proposed [*16] solution. *Sorge v. State*, 171 Vt. 171, 762 A.2d 816, 820 (Vt. 2002). In this case, the Court is unable to make that de-

termination because a material fact is in dispute. For reasons similar to those discussed above, Okemo and Sikorski's motion for summary judgment as to Sikorski's negligence claim is DENIED.

### III. *Sikorski's Motion for Summary Judgment*

Sikorski moves for a grant of summary judgment (Paper 172) on Okemo's action for renewal of the 1995 judgment (Paper 104). Sikorski argues that during both the 1995 proceedings and recent discovery, Okemo stated that it sought damages based only on Sikorski's actions as an agent of USSCA. (Paper 172 at 6.) Sikorski cites for support primarily statements made by Mueller in a recent deposition that he could not remember or know "for sure" what actions Sikorski took in an individual capacity to fraudulently induce Okemo into the joint venture. (Paper 172 at 6, Paper 173 P 9.) Sikorski concludes that the release shielded him from all liability, "the trial and the subsequent 1995 Judgment" against him as an individual was a "nullity," and consequently, the judgment should be vacated. (Paper 172 at 6.)

Okemo correctly [*17] responds, however, that Sikorski's argument here is an impermissible collateral attack on the 1995 judgment because Sikorski's defense that all damages were caused while he was acting as USSCA's agent was known and could have been asserted at the 1995 trial. (Paper 181 at 9.) It is clear from the 1995 Opinion and Order that Judge Billings recognized Sikorski's dual roles, and found him liable to Okemo based on a theory of individual responsibility. Moreover, although the parties dispute whether Sikorski knew of the release and its terms before May 2003 (Paper 173 P 14, 182 P 14), Sikorski's knowledge of the release does not change the fact that he could have argued at trial the defense that he was acting as USSCA's agent. *In re Teltronics Servs., Inc.,* 762 F.2d 185, 193 (2d Cir. 1985) ("New legal theories do not amount to a new cause of action so as to defeat the application of the principle of *res judicata.*"). For these reasons, Sikorski's motion for summary judgment on Okemo's action for renewal of the 1995 judgment is DENIED.

### *Conclusion*

For the reasons stated above, Sikorski's motion to amend (Paper 160) is DENIED, and his counter- and third-party [*18] claim alleging defamation (Paper 128) is DISMISSED. Sikorski's motion for summary judgment (Paper 172) is also DENIED. Okemo and Mueller's motion for summary judgment on Sikorski's claims (Paper 164) is GRANTED as to Count I regarding malicious prosecution only, DISMISSED as moot as to Count III regarding defamation, and DENIED as to all remaining claims. Finally, the Court defers judgment of Sikorski's motion to vacate the judgment (Paper 110).

Sikorski seeks, and Okemo and Mueller oppose, a single jury trial on his claims and defenses to Okemo's Action for Renewal of Judgment, and the issue of intent regarding the release. (Paper 174 at 11-13; Paper 178 at 7-8.) In view of the mixed questions of law and fact in this case, the Court in its discretion decides that all questions -- except equitable determinations -- should be decided together by a jury.

SO ORDERED.

Dated at Brattleboro, Vermont, this 14th day of February, 2006.

J. Garvan Murtha

United States District Judge