UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

MAX LLAQUE,

                Plaintiff,              07 Civ. 6943 (CLB)

-against-

CSC HOLDINGS, INC.,              **AFFIDAVIT IN OPPOSITION**
                                                                **TO MOTION TO DISMISS**

                Defendant.

------------------------------------------------------------x

MAX LLAQUE, being duly sworn, deposes and says:

1. I am the Plaintiff herein and submit this affidavit in opposition to Defendant's motion to dismiss the complaint. I have personally reviewed that motion which in materially respect is false.

2. Commencing at the bottom of the first page of Defendant's memorandum of law and continuing onto the top of page "2" of that document it is recited: "Prior to the commencement of the Prior Action, on November 16, 1999, Cablevision sent a pre-litigation letter. That letter was received and signed for by Llaque on November 19, 1999 (a copy of the letter and proof of receipt is attached as Exhibit C)". As a matter of fact:

    a. I never received any such letter,

    b. I never saw the at-issue letter prior to yesterday, when I reviewed the Defendant's motion papers,

    c. I did not reside at the address indicated on the letter (891 Mamaroneck Avenue),

1

    d. I never signed a receipt for any such letter, and,

    e. The handwritten signature on the receipt appended to Defendant's motion papers does not bear my signature.

3. On page "2" of that memorandum of law it is recited: "On June 20, 2000, Cablevision caused Llaque to be served by serving a person of suitable age and discretion at his residence (a copy of the Affidavit of Service is attached hereto as Exhibit D)". Exhibit D, as attached, recites in pertinent respect: i) that the process server allegedly served Defendant "at 891 Mamaroneck Ave Mamaroneck Ny [*sic*.]"; ii) by delivering a copy of the summons and complaint to "Maria Llaque sister"; iii) that the sister is approximately thirty years of age, 145 pounds, "White", with "Blond" hair. As a matter of fact:

    a. I have two sisters neither of whom resided at 891 Mamaroneck Avenue in Mamaroneck, New York,

    b. Neither sister is White,

    c. Both sisters are dark skinned,

    d. Neither sister is blond - - both having dark hair,

    e. Neither sister at the time was thirty and/or approximately thirty years of age at the time, and,

    f. Neither weighed anything approximating one hundred forty-five pounds.

4. I understand from the Defendant's moving papers that they filed the apparently calculatedly false affidavit of service with this Court in connection with a motion for a default judgment and that on the basis of that affidavit obtained a default judgment. But

for that deception perpetrated on the Court it is apparent that a default judgment would not have been entered.

5. The first I learned of the underlying lawsuit was, as indicated in my complaint in the instant filing, May of 2007 - - at which time I immediately took action to have the default vacated. In that connection Defendant's unsworn recital in their memorandum: "Plaintiff was undeniably made aware of Cablevision's claims against him" is completely false and comprises a second attempt to deceive the Court.

WHEREFORE an order should be entered denying in all respects the Defendant's motion to dismiss.

_____
Max LLaque

Sworn to before me this
21st day of September, 2007.

_____
Notary Public

JONATHAN LOVETT
Notary Public, State of New York
No. 4666713
Qualified in Westchester County
Commission Expires November 30, 20 10

3