UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
MAX LLAQUE,

                Plaintiff,                07 CV 6943 (CLB)(LMS)

   -against-                                **ANSWER OF CSC
                                                       HOLDINGS, INC.**

CSC HOLDINGS, INC.,

                Defendant.
-----------------------------------------------------------X

      Please take notice that defendant, CSC Holdings, Inc. ("Cablevision" or "Defendant"), by its attorneys, Lefkowitz, Hogan & Cassell, LLP, answers the Complaint of plaintiff, Max Llaque ("Llaque" or "Plaintiff") as follows:

1. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and refers all matters of law to this Honorable Court.

2. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint and refers all matters of law to this Honorable Court.

3. Defendant denies that it is a domestic corporation, but admits that its principal place of business is 1111 Stewart Avenue, Bethpage, New York, as alleged in paragraph "3" of the Complaint. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations contained in paragraph "3" of the Complaint.

4. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

5. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint, except admits that on or about September 22, 2000, judgment was entered in the United States District Court for the Southern District of New York in favor of CSC Holdings, Inc. against Max Llaque in the sum of $687,003.

6. Defendant denies the allegations contained in the first sentence of paragraph "6" of the Complaint regarding Plaintiff's awareness and/or notice and Defendant denies having knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph "6" of the Complaint.

7. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Complaint.

8. Defendant denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

9. Defendant denies the allegations contained in paragraph "9" of the Complaint.

10. Defendant denies the allegations contained in paragraph "10" of the Complaint.

11. Defendant denies the allegations contained in paragraph "11" of the Complaint.

12. Defendant denies the allegations contained in paragraph "12" of the Complaint.

13. Defendant denies the allegations contained in paragraph "13" of the Complaint.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### First Defense

1. Plaintiff's claims are barred, in whole or in part, by the equitable doctrine of waiver.

### Second Defense

2. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

### Third Defense

3.  Plaintiff's claims are barred, in whole or in part, by the doctrine of latches.

### Fourth Defense

4.  Plaintiff's claims are barred, in whole or in part, by the doctrine of estoppel.

### Fifth Defense

5.  Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### Sixth Defense

6.  Plaintiff's claims are barred, in whole or in part, because he did not move within "a reasonable time" to vacate the judgment as required by Fed. R. Civ. P. 60(b)(6).

### Seventh Defense

7.  Plaintiff's claims are barred, in whole or in part, by the doctrine of res judicata.

**WHEREFORE**, Cablevision respectfully requests this Honorable Court to:

1.  **DENY** Llaque's request for relief;

2.  **AWARD** Cablevision all costs and associated expenses, including reasonable attorneys' fees, incurred in defending the Complaint; and

3.  **AWARD** Cablevision any further relief the Court determines to be just and equitable.

Dated: Jericho, New York
November 12, 2007

Respectfully submitted,

LEFKOWITZ, HOGAN & CASSELL, LLP

By: _____
Michael D. Cassell (MC 0236)
350 Jericho Turnpike, Suite 100
Jericho, New York 11753
(516) 942-4700

MAX LLAQUE v. CSC HOLDINGS, INC.
07 CV 6943 (CLB)(LMS)

CERTIFICATE OF SERVICE

I, **JANINE P. GOROFF**, an employee of the firm **LEFKOWITZ, HOGAN & CASSELL, LLP**, attorneys for the defendant, CSC Holdings, Inc., in the above-entitled action, hereby certify under penalty of perjury that I caused defendant's Answer of CSC Holdings, Inc., to be served on plaintiff Max Llaque (hereinafter "plaintiff"), by causing a true and accurate copy thereof to be placed in a sealed envelope via First Class Mail (postage pre-paid) and deposited in an official depository of United States Postal Service on November 12, 2007, addressed to the defendant at the address set forth below:

Jonathan Lovett, Esq.
Lovett & Gould, LLP
Attorney for Plaintiff
222 Bloomingdale Road
White Plains, New York 10605

_____
Janine P. Goroff