*[Handwritten margin note: Motion Denied. See transcript for oral decision. SO ORDERED [signature] USDJ November 9, 2007]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

MAX LLAQUE,

            Plaintiff,

  -against-

CSC HOLDINGS, INC.,

            Defendant.
------------------------------------------------------X

Case No. 07 CV 6943 (CLB)(LMS)

**NOTICE OF MOTION TO DISMISS**
<u>**PLAINTIFF'S COMPLAINT**</u>

**PLEASE TAKE NOTICE** that defendant, CSC Holdings, Inc., by its attorneys, Lefkowitz, Hogan & Cassell, LLP, upon the accompanying memorandum of law and exhibits will move this Court at 9:00 a.m. on November 9, 2007, or as soon as counsel can be heard, for an Order pursuant to Fed.R.Civ.P. 12 (b)(6) dismissing the Complaint of plaintiff, Max Llaque.

Dated: Jericho, New York
       August 30, 2007

                                  LEFKOWITZ, HOGAN & CASSELL, LLP
                                  Attorneys for the Defendant

                                  By:  _____
                                  Michael D. Cassell (MC 0236)
                                  350 Jericho Turnpike, Suite 100
                                  Jericho, New York 11753
                                  (516) 942-4700

TO:   Jonathan Lovett, Esq.
         Lovett & Gould, LLP
         222 Bloomingdale Road
         White Plains, New York 10605

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____


MICROFILM
NOV 1 3 2007
USDC SD NY WP



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MAX LLAQUE,

                Plaintiff,                        07 CV 6943 (CLB)(LMS)

   -against-

CSC HOLDINGS, INC.,

                Defendant.
------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF
## CSC HOLDINGS, INC.'S MOTION TO DISMISS


                                                            LEFKOWITZ, HOGAN & CASSELL, LLP
                                                             Attorneys for Defendant
                                                              Michael D. Cassell (MC 0236)
                                                              350 Jericho Turnpike, Suite 100
                                                               Jericho, New York 11753
                                                               (516) 942-4700

## I. INTRODUCTION

This Memorandum of Law is submitted by defendant, CSC Holdings, Inc. ("Cablevision" or "Defendant"), in support of its motion seeking dismissal of the Complaint filed by plaintiff, Max Llaque ("Llaque" or "Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff's sole claim for relief in the Complaint is that the Court should vacate the judgment that was entered against him in a previous action. Thus, this action is an independent action commenced pursuant to Fed. R. Civ. P. 60(b)(6) seeking the vacatur of a prior judgment. It is well settled, however, that an independent action can only be used in extraordinary circumstances to prevent a "grave miscarriage of justice." Moreover, the plaintiff must demonstrate that he has no other adequate remedy and that the prior judgment was obtained by fraud, accident or mistake. As set forth in more detail below, Plaintiff has failed to satisfy these requirements. Accordingly, the Complaint should be dismissed.

## II. PROCEDURAL HISTORY AND RELEVANT FACTS

On or about August 2, 2007, Plaintiff filed the Complaint in this action (a copy of the Complaint is attached hereto as Exhibit A). In the Complaint, Plaintiff alleges that this is an independent action wherein he seeks that the Court vacate the default judgment entered in the action entitled CSC Holdings, Inc. v. Max Llaque, 00 Civ. 3843 (CLB) (the "Prior Action").

The Prior Action was premised upon numerous invoice records that showed that Max Llaque purchased **more than fifty** "pirate" decoding devices from Ultimate Mail Order Services ("UMOS"), a known distributor of pirate decoding devices (a copy of the relevant invoice records are attached hereto as Exhibit B). Cablevision had received the UMOS invoice records in early 1999. The devices purchased by Llaque were compatible with Cablevision's cable system.

Prior to commencement of the Prior Action, on November 16, 1999, Cablevision sent a pre-

litigation demand letter. That letter was received and signed for by Llaque on November 19, 1999 (a copy of the letter and proof of receipt is attached hereto as Exhibit C). Since the matter was not resolved pre-litigation, on May 22, 2000, Cablevision commenced the Prior Action. On June 20, 2000, Cablevision caused Llaque to be served by serving a person of suitable age and discretion at his residence[1] (a copy of the Affidavit of Service is attached hereto as Exhibit D). Llaque did not respond to the complaint and on September 22, 2000, the Court entered judgment against him in the amount of $687,003 (a copy of the judgment is attached hereto as Exhibit E).

In the Complaint, Plaintiff alleges that he first became aware of the Prior Action on or about May 23, 2007, when a debit card that he attempted to use was "declined." Complaint ¶¶ 1-6. Plaintiff asserts that at no time was he served with the complaint in the Prior Action and that he did not move earlier to be relieved of the judgment in the Prior Action since he was not aware of the judgment until on or about May 23, 2007. Id. ¶¶ 9-10. The only relief sought in the Complaint is that the Court vacate the judgment in the Prior Action. Id. at 3.

### III. ARGUMENT

#### A. PLAINTIFF CANNOT DEMONSTRATE A GRAVE MISCARRIAGE OF JUSTICE

An independent action seeking to vacate a prior judgment is only viable if there are "extraordinary circumstances" and the action is needed to "prevent a grave miscarriage of justice." See, e.g., Okemo Mt., Inc. v. Sikorski, No. 93-CV-22, 2006 U.S. Dist. LEXIS 9037, at *7 (D. Vt. Feb. 14, 2006) (citing United States v. Beggerly, 524 U.S. 38, 40, 118 S. Ct. 1862 (1998) and Ackermann v. United States, 340 U.S. 193, 199, 71 S. Ct. 209 (1950)) (a copy of this decision is

---

[1] Though the invoice records reference 134 Mamaroneck Avenue, Mamaroneck, New York, Cablevision confirmed, prior to suit, that this was the location of a local video store that closed prior to April 2000. Cablevision also confirmed that a person by the name of Max Llaque resided at 891 Mamaroneck Avenue, Mamaroneck, New York. It was this address where Cablevision served Llaque.

attached hereto as Exhibit F); Opals on Ice Lingerie v. Bodylines, Inc., 425 F. Supp. 2d 286, 289-90 (E.D.N.Y. 2004) (explaining that an independent action can only be used to prevent a grave miscarriage of justice); Miller v. Shelton, No. 99-CV-6142, 2006 U.S. Dist. LEXIS 23441, at *14-*15 (W.D.N.Y. March 20, 2006) (same) (a copy of this decision is attached hereto as Exhibit G).

Opals on Ice Lingerie is particularly instructive. In that case, the plaintiff, Opals, filed an independent action seeking that the court vacate its granting of summary judgment in favor of the defendant, Bodylines, in a prior action. Opals asserted that the judgment should be vacated because a newly discovered document allegedly supported Opals' argument that it was entitled to an arbitration regarding its dispute with Bodylines. 425 F. Supp. 2d at 287-89. Bodylines moved to dismiss the independent action.

In addressing the standard for independent actions that seek to vacate a judgment, the court explained that independent actions can only be used for rare circumstances where permitting the judgment to stand would result in a grave miscarriage of justice. Id. at 289-90. The court found that since Opals failed to show any fraud upon the court as to amount to a grave miscarriage of justice, Opals failed to satisfy the "demanding standard" required to maintain an independent action. Thus, the court granted Bodyline's motion to dismiss the action pursuant to Fed. R. Civ. P. 12(b)(6). Id. at 290, 297-98.

Here, the Complaint utterly fails to make any showing whatsoever that enforcing the judgment would result in a grave miscarriage of justice. Rather, all the Complaint alleges is that Cablevision obtained a judgment against Llaque in a Prior Action of which Llaque was allegedly unaware. Llaque does not, because he cannot, set forth any other basis, such as a showing that judgment was obtained through a fraud upon the Court, to warrant an independent action. Accordingly, the Complaint should be dismissed.

B. **PLAINTIFF CANNOT SATISFY THE ADDITIONAL REQUIREMENTS FOR MAINTAINING AN INDEPENDENT ACTION**

In addition to having the burden to establish that a grave miscarriage of justice would result if the judgment is not vacated, the plaintiff must satisfy three more requirements to sustain an independent action to vacate a judgment. Specifically, the plaintiff must show that: 1) there is no other available remedy; 2) he/she is not to blame for the judgment; and 3) there is a basis, such as fraud, accident or mistake, for the relief sought. See Campaniello Imports, Ltd. v. Saporiti Italia S.P.A., 117 F.3d 655, 662 (2d Cir. 1997); Opals on Ice Lingerie, 425 F. Supp. 2d at 290-91 (explaining that in addition to establishing a miscarriage of justice, the plaintiff must satisfy the three prerequisites set forth in Campaniello Imports, Ltd.); Strategic Research Inst., Inc. v. Fabozzi, 187 F.R.D. 507, 511 (S.D.N.Y. 1999) (setting forth the requirements for an independent action); Winfield Assocs., Inc. v. Stonecipher, 429 F.2d 1087, 1090 (10th Cir. 1970) ("an independent action must show a recognized ground, such as fraud, accident, mistake or the like, for equitable relief and that there is no other available or adequate remedy.").

Plaintiff cannot satisfy these requirements. Specifically, Plaintiff cannot satisfy the first requirement since he could attempt to vacate the judgment by filing a motion in the Prior Action. See, e.g., Fabozzi, 187 F.R.D. at 511-12 ("Where a plaintiff fails to pursue relief available by motion in the action in which the order or judgment in question was entered, an independent action for relief will not lie."); Campaniello Imports, Ltd., 117 F.3d at 662 (explaining that an independent action cannot be maintained if the party could move to vacate the judgment in the prior action).

Also, since Plaintiff was undeniably made aware of Cablevision's claims against him, see Exhibit C, and was properly served in this action, see Exhibit D, he cannot satisfy the second requirement.

4

Further, in <u>Opals on Ice Lingerie</u>, the court analyzed the third requirement. The court explained that to satisfy this requirement the plaintiff is typically required to demonstrate that there was fraud committed by the adversary that enabled the adversary to obtain the judgment in the prior proceeding. Since Opals could not demonstrate any fraud and because Opals could not satisfy the other two requirements for maintaining an independent action, the court found that Opals failed to state a claim for relief. 425 F. Supp. 2d at 295.

Likewise, in this matter, there is no allegation that Cablevision obtained the judgment in the Prior Action through fraudulent means. Plaintiff merely asserts that the Court should vacate the judgment in the Prior Action because he was allegedly not served properly and was not made aware of the Prior Action. Complaint ¶¶ 9-12. Accordingly, since Plaintiff cannot satisfy the requirements for maintaining an independent action, the Complaint should be dismissed.

## IV. <u>CONCLUSION</u>

In light of the foregoing, Cablevision respectfully requests that this Court dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: Jericho, New York
      August 30, 2007

                                              Respectfully submitted,

                                              LEFKOWITZ, HOGAN & CASSELL, LLP

                                              By: _____
                                              Michael D. Cassell (MC 0236)
                                              350 Jericho Turnpike, Suite 100
                                              Jericho, New York 11753
                                              (516) 942-4700